FILED

NOT FOR PUBLICATION

MAR 11 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FLORENCE MARTHA BEARDSLEE,<br><br>Defendant-Appellant. | No. 06-15236<br><br>D.C. No. CV-01-397-DLJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted February 8, 2010
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and CAMPBELL,[**] District
Judge.

After a 1996 jury trial, Appellant Florence Martha Beardslee was found guilty

of arson under 18 U.S.C. § 844(i), conspiracy to commit arson under 18 U.S.C. § 371,

mail fraud under 18 U.S.C. § 1341, and use of a fire to commit a felony under 18

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David G. Campbell, United States District Judge for the
District of Arizona, sitting by designation.

U.S.C. § 844(h). This Court ultimately affirmed the conviction and remanded for re-sentencing. *United States v. Beardslee*, 197 F.3d 378 (9th Cir. 1999).

After re-sentencing, Beardslee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The district court received extensive briefing, held an evidentiary hearing, and denied the petition. We have jurisdiction over Beardslee's appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review the district court's decision *de novo*, *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004), and affirm.

## I.

Beardslee makes six arguments: (1) insufficient evidence was introduced at trial to show that her warehouse was used in interstate commerce; (2) the jury instruction on the § 844(i) count was erroneous and prejudicial; (3) her trial counsel was ineffective; (4) the district court erred in failing to rule on all issues submitted in her § 2255 petition; (5) the prosecutors engaged in misconduct at trial; and (6) insufficient evidence was introduced to support her mail fraud conviction.

We dispose of five of these arguments summarily. Arguments (1) and (2) are unpersuasive for reasons stated in the district court's order of January 23, 2006. Argument (4) suggests that the district court failed to address issues raised in Beardslee's § 2255 petition, but fails to identify the issues with any clarity or to explain how and when they were raised in the district court. Argument (5) includes

2

four issues, three of which were not raised in the district court and may not be raised

on appeal.[1] *Majoy v. Roe*, 296 F.3d 770, 777 n.3 (9th Cir. 2002). After review of the

fourth issue – that the prosecution introduced false statements to the jury – we find no

prosecutorial misconduct for reasons stated by the district court. Finally, argument

(6) was not made in the district court and may not be asserted on appeal. *Id*.

## II.

Argument (3) asserts that trial counsel was ineffective for fourteen separate

reasons. Eleven of these reasons are unpersuasive for reasons stated by the district

court, and two were not clearly raised below.[2] Beardslee's remaining claim, and the

primary focus of her briefs and oral argument, is that trial counsel should have

retained an arson expert to investigate the cause of the fire.

---

[1] These are the "bad mother argument," the DMV document argument, and the improper vouching argument.

[2] The argument that counsel failed to counter the government's alleged misrepresentation that Beardslee and her daughter lied in the first trial was not made below and may not be raised on appeal. Beardslee claims that another argument – that counsel failed to introduce copies of her insurance policy showing that she had deleted contents coverage prior to the fire – was not addressed by the district court. Perhaps this is because the argument was mentioned only in one sentence of Beardslee's petition. In any event, the argument is unpersuasive. Beardslee makes no showing that trial counsel knew of the additional copies of the insurance policy, nor that omission of the copies was prejudicial given the prosecution's primary argument that Beardslee's motive for the arson was revenge, not money.

3

To prevail on a claim of ineffective assistance of counsel, Beardslee must first show that counsel's actions were, in light of all the circumstances, "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Beardslee must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Because Beardslee has not made the first showing, we need not address the second.

Trial counsel testified in the district court that he reviewed the discovery provided by the government and saw that several investigators had found the cause of the fire to be arson. These included ATF investigator Jared Taylor, ATF forensic chemist Brad Cooper, and insurance investigator Earl Guisness. Taylor and Guisness visited the scene shortly after the fire occurred, observed irregular burn patterns, and detected an odor of gasoline. A "sniffer" used at the scene confirmed the presence of petroleum products, and lab tests performed by Cooper confirmed the presence of gasoline in carpet samples from the area of the fire's origin.

Trial counsel testified that he also knew that Beardslee's co-defendants, Barry Venable and Paul Glover, had confessed to starting the fire by pouring gasoline into the building. Both men had pleaded guilty to arson and were prepared to testify at trial. Venable also had received a traffic ticket on the night of the fire at a location

4

near the warehouse and a considerable distance from his own home, corroborating his presence near the fire when it started.

Counsel also knew that Beardslee had always maintained the fire was caused by arson. When she first visited the scene and was informed that the cause of the fire might be electrical, Beardslee protested that the fire was arson. She pointed investigators to the pipe on the side of the building where Venable later said he poured in the gasoline. She called the ATF to report the arson and to note that she was involved in a lawsuit that concerned the warehouse and its business. Beardslee later made incriminating statements in recorded conversations with Venable that revealed her knowledge of the arson.

In light of these facts, trial counsel had a challenging task in defending Beardslee. Rather than shouldering the burden of disproving the investigator's arson opinions and attacking the arson confessions and guilty pleas of Venable and Glover, counsel chose to concede that the fire was deliberately set by Venable and Glover and to assert that Beardslee knew nothing about it and was later blackmailed by Venable. The strategy worked at the first trial, producing a hung jury.

We cannot conclude that counsel's strategic decision was constitutionally deficient under *Strickland*. Judicial scrutiny of trial strategy is "highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide

5

range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. While counsel cannot be said to have made a strategy decision before he "obtain[s] the facts on which such a decision could be made," *Frierson v. Woodford*, 463 F.3d 982, 992 (9th Cir. 2006) (citation and quotation marks omitted), that is not what happened here. Counsel based his decision not to retain an arson investigator on substantial and probative evidence that the fire was caused by arson, including the conclusions of two investigators who inspected the site shortly after the fire, ATF lab tests confirming the presence of gasoline, the confessions and anticipated testimony of two co-defendants, and Beardslee's own insistence that the fire was arson. What is more, the strategy proved effective in preventing a conviction at the first trial.

Beardslee has not shown that her counsel's representation was constitutionally deficient under *Strickland*. She therefore is not entitled to habeas relief on this claim.

## III.

For the foregoing reasons, the decision of the district court is **AFFIRMED.**